IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUINTIN JONES,

                Plaintiff,

      v.

TOM DART, COOK COUNTY, OFFICER
STAMPLEY, OFFICER TANKSON, and
OFFICER HARRIS,

                Defendants.

Case No. 12 C 9272

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Cook County and Tom Dart's Motion to Dismiss Plaintiff's Second Amended Complaint. For the reasons stated herein, the Motion is granted in part and denied in part.

## I.  BACKGROUND

Plaintiff Quintin Jones (hereinafter, "Plaintiff" or "Jones") brings the instant suit against Defendants Cook County, Sheriff Tom Dart, and Cook County Officers Stampley, Tankson, and Harris (collectively, the "Defendants"). In his Complaint, Plaintiff alleges Defendants are liable for violations of 42 U.S.C. § 1983 for deliberate indifference to his medical needs.

Specifically, Plaintiff alleges that he was a pretrial detainee at Cook County jail on November 20, 2010 when he broke his right fibula bone. He claims he reported his injury to

Officer Tankson immediately, but Tankson informed Plaintiff he needed to complete a medical request form. Pursuant to these instructions, Plaintiff submitted three medical request forms seeking emergency medical care. Despite these submissions, Plaintiff states that he was not provided any medical assistance. Allegedly, he informed Defendants Tankson, Stampley, and Harris that he believed his leg was broken and that he needed immediate medical attention, but they failed to take action.

Plaintiff continued to seek medical assistance over the next few weeks. He filed at least two formal grievances, but did not receive any medical care until December 16, 2010. At this time, the attending physician told Plaintiff his fibular fracture may not heal completely. Plaintiff claims this was because of the delay in receiving treatment. Additionally, when he was treated in December 2010, Plaintiff states his physician prescribed him medication for his pain. Plaintiff also claims Defendants failed to provide him this medication even after he filed a formal grievance.

On November 19, 2012, Plaintiff filed a *pro se* Complaint, a Motion to proceed *in forma pauperis* and a Motion for appointment of counsel. *See,* ECF Nos. 1, 3, 4. The Court granted Plaintiff's Motion to proceed *in forma pauperis*, denied the Motion for appointment of counsel, and terminated Cook County Jail and Cermak Health Services as defendants pursuant to 28

U.S.C. § 1915A. *See,* ECF No. 6. In February 2013, Plaintiff retained counsel and filed an Amended Complaint. In the Amended Complaint, Plaintiff added Defendant Cook County. *See,* ECF No. 22. Defendants Harris, Stampley, and Tankson ("the Individual Defendants"), answered the Second Amended Complaint while Defendants Cook County and Dart ("the Municipality Defendants") filed a Motion to Dismiss. *See,* ECF No. 27. Currently before the Court is Defendants Dart and Cook County's Motion to Dismiss.

## II.  **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *See, Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). At the dismissal stage, the Court takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). To satisfy the notice-pleading standard of Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief," and provide the defendant fair notice of the claim and its basis. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 555 (2007).

### III.  ANALYSIS

Defendants Dart and Cook County seek to dismiss Plaintiff's Complaint entirely.  They argue his Section 1983 claim fails because it is time barred and fails to state a claim.  They also ask the Court to strike Plaintiff's prayer for punitive damages.

Section 1983 provides litigants a cause of action for the deprivation of any right guaranteed by the Constitution or federal law by persons acting under color of state law.  42 U.S.C. § 1983.  Correctional officers violate an inmate's constitutional rights by acting with deliberate indifference toward an inmate's serious medical needs.  *See, Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Although the Eighth Amendment applies only to convicted persons, pretrial detainees, like Plaintiff, are entitled to the same basic protections under the Fourteenth Amendment's due process clause.  *See, Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).  Accordingly, the same legal standards are applied to deliberate indifference

claims brought under either the Eighth or Fourteenth Amendment. *Minix*, 597 F.3d at 831.

## A. Statutes of Limitations

First, the Municipality Defendants argue that Plaintiff's claim is time barred. They contend Plaintiff waited too long to name Cook County as a Defendant and the claim should therefore be dismissed.

Congress failed to specify a statute of limitations for claims under Section 1983. *Ray v. Maher,* 662 F.3d 770, 772 (7th Cir. 2011). Instead, courts are directed to reference state law for the applicable limitations period. *Id.* "Specifically, courts look to the limitations period for personal injury actions in the state in which the cause of action arose." *Woods v. Illinois Dep't of Children & Family Servs.*, 880 F.Supp.2d 918, 921-22 (N.D. Ill. 2012) (citations omitted). In Illinois, the relevant statute of limitations is two years. 735 Ill. Comp. Stat. § 5/13-202; *Ray,* 662 F.3d at 773.

The basis of Defendants' argument is that Plaintiff's injury occurred in November 2010 and he failed to name Cook County as a Defendant until March 2013. They state that this is beyond the two-year limitation period. Plaintiff responds that his claim is timely and relies upon Federal Rule of Civil Procedure 15(c) and the "relation back doctrine" as support.

Rule 15(c) allows a plaintiff to amend his pleadings to add a claim involving an existing party or add a new party that, if filed as an entirely new lawsuit, would be barred by the statute of limitations. *Jones v. Wysinger,* 815 F.Supp. 1127, 1129 (N.D. Ill. 1993). In pertinent part, Rule 15 provides:

> An amendment of a pleading relates back to the date of the original pleading when . . .
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c).

Rule 15(c) is known as the "relation back" doctrine and is construed liberally. *Olech v. Vill. of Willowbrook*, 138 F.Supp.2d 1036, 1040-41 (N.D. Ill. 2000). The doctrine seeks to balance the policy of "facilitating resolution of claims on the merits . . . and the guarantee [of] essential fairness to defendants by ensuring that they receive notice of claims within a reasonable time . . . [.]" *Id.*

When a proposed amendment adds a new defendant, Rule 15(c)(3) imposes three requirements. First, it requires that the

claim against the new defendant arise out of the same "conduct, transaction, or occurrence" set forth in the original pleading. *Id.* Next, the Rule requires that the new defendant receive timely notice of the claims in the original pleading. Finally, Rule 15 requires that the new defendant knew or should have known that it would have been named in the original pleading.

After considering the requirements of Rule 15(c), the Court finds the relation back doctrine applicable. As a threshold matter, there is no doubt Plaintiff filed his original Complaint within the two year limitations period. He filed his first Complaint on November 19, 2012 and states that his injury occurred on November 20, 2010. This is therefore just within the two-year limitation period. As such, the Court proceeds to three requirements of Rule 15(c).

First, it is clear that the allegations against Cook County arise out of the same conduct Plaintiff sets forth in his original Complaint. Next, Cook County was notified of Plaintiff's claim within the 120-day period provided for by Rule 4(m). *See,* FED. R. CIV. P. 4. Plaintiff originally filed his Complaint on November 19, 2012, and Cook County was served on March 15, 2013. *See,* ECF No. 26. Finally, it is more than likely that Cook County "knew or should have known" Plaintiff's *pro se* claim against Cermak Health Services and Cook County Jail was intended to be asserted against Cook County and indeed would

- 7 -

have been but for Plaintiff's mistake. *See, Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011). This is particularly true in light of the fact that Plaintiff's initial Complaint was filed without the assistance of counsel. Accordingly, the Court rejects the Municipality Defendants' arguments that the claim is barred by the statute of limitations.

## B. *Monell* Claim

The Municipality Defendants also argue that the Complaint should be dismissed because it fails to provide sufficient factual allegations to state a claim. The Court disagrees. Plaintiff's Complaint sets forth one Section 1983 *Monell* claim. Under *Monell*, a party may sue local governing bodies when a governmental policy, practice, or custom has caused a violation of the plaintiff's constitutional rights. *Monell v. Dept. of Social Servs. of City of New York* 436 U.S. 658, 690-91, 694 (1978). Plaintiffs alleging *Monell* claims are not subject to a heightened pleading standard. *See, McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000). Instead, a plaintiff only must plead that a municipality "(1) has an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well settled as to constitute a custom or practice; or (3) an allegation that the

constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012).

Here, the Complaint alleges Defendants "have a wide-spread practice of being deliberately indifferent to inmates with serious medical conditions." Sec. Amend. Comp. ¶ 19. It also states Defendant Dart has a "system-wide inadequate grievance process[,]" and Cook County has an inadequate "policy and/or practice of responding to detainee's *[sic]* request for medical attention . . . [.]" *Id.* ¶¶ 20-21. It concludes stating that the "above described wrongdoing caused [P]laintiff to incur physical injuries . . . [.]" *Id.* ¶ 22.

Defendants contend these allegations are insufficient. They argue that the Complaint should be dismissed because it "fails to plead facts sufficient to demonstrate a policy or practice of unconstitutional conduct." Def.'s Mot. to Dismiss at 3. However, courts in this District have held repeatedly that a plaintiff is not required to plead specific facts to prove the existence of a municipal policy. *See, Hunt v. Hardy*, No. 11-CV-4396, 2012 WL 2458943, at *6 (N.D. Ill. June 27, 2012); *see also, Riley v. Cnty. of Cook*, No. 09-CV-2267, 2010 WL 376064, at *4 (N.D. Ill. Jan. 27, 2010). Rather, a plaintiff is only required to allege facts that put the defendants on notice that a policy or practice exists and that such a policy violates the

plaintiff's constitutional rights. *See, Jacoby v. DuPage Cnty. Ill.*, No. 12 CV 6539, 2013 WL 3233339 at *2 (N.D. Ill. June 26, 2013). Thus, the Court finds the allegations sufficient and declines to dismiss the claim on this basis.

Dart's argument concerning Plaintiff's failure to allege personal knowledge is equally unavailing. While Dart contends Plaintiff's *Monell* claim fails because Plaintiff did not allege that Dart had personal knowledge or involvement in the alleged deprivations, Dart neglects to recognize that Plaintiff's claim against him is in his official capacity. Sec. Amend. Compl. ¶ 3. A *Monell* claim against an individual in their official capacity does not require an allegation that the individual had personal knowledge of the alleged constitutional deprivations. *See, Hunt,* 2012 WL 2458943, at *6. Instead, official capacity claims are treated as suits against the municipality itself. *See, e.g., Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008). Thus, the Court declines to dismiss Plaintiff's claim against Dart.

That does not end the Court's inquiry, however, as Cook County cannot be held liable for any *Monell* claims. *See, Riley*, 2010 WL 376064, at *4. This is because the Sheriff "has sole control over the policies and practices of the jail." *Jacoby v. DuPage Cnty. Ill.*, No. 12-C-6539, 2013 WL 3233339 at *2 (N.D. Ill. June 26, 2013). Illinois law is clear that a county

sheriff, and not the county itself, has "custody and care" of the county jail and its operations. *See,* 55 Ill. Comp. Stat. 5/3-6017; *see also, Ryan v. Cnty. of DuPage,* 45 F.3d 1090, 1092 (7th Cir. 1995) (county not liable under § 1983 where "Illinois sheriffs are independently elected officials not subject to the control of the county").

Accordingly, the Court dismisses Cook County from any *Monell* claims asserted against it. That said, the Court acknowledges that Cook County cannot be dismissed from the suit entirely because of its duty to indemnify any official capacity claims. *See, Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003) (stating "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity."). Thus, the Court grants Plaintiff leave to amend his Complaint to name Cook County as an indemnitor only. Plaintiff should file an Amended Complaint within two weeks of the entry of this Order.

### C. Punitive Damages

As a final matter, Dart and Cook County also object to Plaintiff's prayer for punitive damages. They argue that they are immune from punitive damages under Section 1983. While Dart and Cook County are correct that municipalities are immune from punitive damages, (*City of Newport v. Fact Concerts, Inc.,* 453

U.S. 247, 259-60 (1981)), Plaintiff only seeks to recover punitive damages from the individual Defendants. *See,* Sec. Amend. Compl. at 6. Therefore, the Court refuses to strike Plaintiff's prayer for punitive damages.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, the Defendants Cook County and Tom Dart's Motion to Dismiss [ECF No. 35] is granted in part and denied in part.

The Court grants Plaintiff two weeks from the entry of this Order to file an Amended Complaint naming Cook County as an indemnitor only.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: 9/11/2013